**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MONTANA**

In re

**RICHARD M. BLOSSER**,

Debtor.

Case No. **2:26-bk-20082-BPH**

## AMENDED ORDER[1]

In this Chapter 11 case, Debtor filed an "Expedited Motion to Extend Automatic Stay" on April 22, 2026, at ECF No. 22 ("Motion"). The Motion requests an order extending the automatic stay pursuant to 11 U.S.C. § 362(c)(3). A foreclosure sale was scheduled for April 24, 2026. The Order at ECF No. 23 set the Motion for hearing on April 24, 2026, prior to the foreclosure sale scheduled by Oakhurst Opportunity Lending Fund I, LP ("Creditor"). A hearing was held on April 24, 2026. Appearances were noted on the record. This Court heard testimony from Debtor Richard Blosser.

Prior to the hearing, Creditor filed a "Motion for Order Confirming Automatic Stay Does Not Apply to Real Property Owned by a Non-Debtor LLC; Response and Objection to Debtor's Expedited Motion to Extend Automatic Stay" on April 23, 2026, at ECF No. 24 ("Objection"). Ordinarily, parties are entitled to notice and an opportunity to respond and pursuant to Mont. LBR 9013-1(f), the notice period is 14 days.

As the Court noted, notice and the opportunity given for a hearing must be "appropriate in the particular circumstances." 11 U.S.C. § 102(1)(a). Here, the notice was limited, but appropriate under the circumstances. As a result of the time limitations, Debtor did not have an opportunity to respond to the Objection. Further, creditor, Wells Fargo Clearing Services, LLC did not have an opportunity to file an objection or otherwise respond to the relief being requested.

Creditor makes two arguments. First, the real property subject to sale is not property of the estate under 11 U.S.C. § 541. Second, even if it is property of the estate, entry of an order pursuant to 11 U.S.C. § 362(c)(3)(B) and § 362(j) confirming that the automatic stay terminates on April 27, 2026 is mandated because Debtor cannot rebut the presumption this bankruptcy filing, which follows a prior bankruptcy filing within one year, was not filed in bad faith.

Stay relief proceedings are not intended to resolve the ultimate merits of claims regarding property. Instead, the proceedings are limited to determining whether the creditors has a colorable claim to the property. *Biggs v. Stovin (In re Luz Int'l)*, 219 B.R. 837, 842 (BAP 9th Cir.

[1] This Amended Order amends the Order at ECF No. 28 to clarify the relief granted.

1998). Here, Creditor has provided the Court with its loan documents and security interests, and Debtor does not dispute the debt, or the real property that it encumbers. Creditor has established it has an interest in the real property at issue.

Property of the estate includes, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541. A debtor's equitable interest in property may include equitable interests in a trust, and in some cases trust property will be treated as an asset of the estate. *Goodrich v. Briones (In re Schwarzkopf)*, 626 F.3d 1032, 1038–39 (9th Cir. 2010). According to Debtor's testimony, the real property was previously owned by a revocable trust he established. It is alleged that the real property in this case has been the subject of a series of transfers, including:

1. Wedbush Securities Inc., to Fossil Road Family Group, LLC, October 23, 2025;
2. Fossil Road Family Group, LLC to Sanctuary Partners LLC, November 11, 2025.

Debtor's Exhibit 1, a conditional commitment letter to obtain a loan in the amount of $23,000,000 was presented to Sanctuary Partners, LLC, c/o Richard and Pamela Blosser.

The series of transfers alleged to have occurred are curious because Wedbush Securities, Inc., foreclosed its interest and took title to the property in October 2025. Less than a month later, title to the property was conveyed to Sanctuary Partners, LLC, through another entity. Debtors' Exhibit 1 refers to Debtor and Sanctuary Partners, LLC. Absent a better developed record, this Court cannot conclude that under 11 U.S.C. § 541, Debtor has neither a legal nor equitable interest in the real property.

Turning to 11 U.S.C. § 362(c)(3)(B), which provides a case is presumptively filed in bad faith if a previous case under Chapter 11, in which the individual was a debtor was dismissed within such 1–year period, after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse. Debtor's prior bankruptcy was dismissed because he failed to cure certain deficiencies associated with the initial filing and requested dismissal.

To overcome the presumption of bad faith, Debtor must establish this case was filed in good faith. Courts often apply the "totality of circumstances" test to determine good faith. *In re Montoya*, 342 B.R. 312, 317 (Bankr. S.D. Cal. 2006). Courts may consider, why the prior case was dismissed, changes in circumstances, debtors' conduct, probability of success in current case, timing and motive for filing, impact on creditors and nature of the debt and collateral.

(a) Dismissal of prior case. The prior case was dismissed because Debtor moved to dismiss shortly after filing, and there was at the time of dismissal outstanding filing deficiencies.

(b) Change in circumstances. Debtor testified there was no significant change.

(c) Debtor's conduct to date. Debtor's conduct to date is mixed. His petition represented he had assets and liabilities under $50,000. His testimony today indicated assets and liabilities in excess of $10,000,000.

(d) Probability of success in this case. If Debtor's financing commitments are funded, the loans may be the basis for confirmation of a Chapter 11 plan. Alternatively, creditors may conclude grounds exist for conversion. Subject to the actual value of the real property and whether its property of the estate, this may also prove successful, but not for the reasons Debtor may be considering at this time.

(e) Timing and motive for filing. The timing of this filing is suspect. This case was filed to stop a non-judicial foreclosure sale under the Small Tract Financing Act. However, if there exists significant equity in the real property and filing this case avoids the loss of that equity, and that equity is used to pay creditors across all classes, Debtor's motives are less questionable.

(f) Impact on creditors. Delay in Creditor's foreclosure will not significantly prejudice it because the value of the property is significantly greater than the lien being foreclosed. Although the record is limited, the commitment letter and appraisal Debtor introduced support such an inference.

(g) Nature of debt and collateral. Debtor's assets include real property in Bozeman, and his immediate efforts are indicative of a debtor that is prepared to fund a plan with a loan to him secured by property at Big Sky. Alternatively, the real property may be property of the estate available for liquidation and payment of claims.

Debtor testified that in part, the delay associated with his refinance, and timing of this bankruptcy filing was attributable to a traumatic family event. At this stage of the case, this Court has no reason to doubt Debtor's testimony. Despite that, Debtor's good or bad faith is a close call at this early stage of the case. Factors (b) and (c) weigh in favor of bad faith. Factors (a), (d), (e), (f) are neutral. Although neutral today, Debtor's future conduct may move the factors towards either good or bad faith.

To afford Debtor an opportunity to establish his good faith and creditors an opportunity to further evaluate the issues heard today, Debtor's motion is tentatively granted and the stay shall remain in effect, subject to the Order below and the conditions imposed on Debtor.

For the reasons stated on the record, and as explained herein, IT IS ORDERED:

1. The Motion is granted, and the Objection is overruled tentatively; the 11 U.S.C. § 362(a) stay shall remain in effect as to Debtor, Debtor's property, and property of the estate until **May 22, 2026**, pending this Court's further review and order.

2. Debtor shall cure all deficiencies[2] in this case on or before **April 29, 2026**, or this case may be dismissed or converted pursuant to 11 U.S.C. § 1112(b) after notice and hearing.[3]

3. A status conference shall be held on **May 11, 2026, at 9:00 a.m.,** in the 2ND FLOOR COURTROOM, FEDERAL BUILDING, 400 N. MAIN, BUTTE, MONTANA.

Dated April 24, 2026.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana

[2] Deficiency Notice at ECF No. 4.

[3] Either the Court, sua sponte, or the parties may move to dismiss or convert. 11 U.S.C. § 1112(b); *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 869–70 (BAP 9th Cir. 2004).