Trent M. Gardner (Bar No. 7477)
Cameron T. Clevidence (Bar No. 68207702)
**GOETZ, GEDDES & GARDNER, P.C.**
35 North Grand Ave.
P.O. Box 6580
Bozeman, MT 59771-6580
Ph: 406-587-0618
Fax: 406-587-5144
Email: tgardner@goetzlawfirm.com
cclevidence@goetzlawfirm.com

Attorneys for Trustee Darcy Crum

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| In re<br><br>RICHARD M. BLOSSER,<br>Debtor. | Case No. 2:26-bk-20082-BPH<br><br>**MOTION FOR ORDER TO SHOW CAUSE AND REQUEST FOR EXPEDITED HEARING** |

Darcy M. Crum, Chapter 7 Trustee ("Trustee") of the substantively consolidated bankruptcy estates of Richard M. Blosser, Pathfinder Wealth Advisors LLC, and Sanctuary Partners LLC (the "Estate"), by and through her counsel of record, respectfully requests the Court order Richard M. Blosser ("Debtor") to show cause why he should not again be held in contempt of court under 11 U.S.C. § 105(a). In accordance with Mont. LBR 5074-1(b) and 9013-1(i)(2)(K), the Trustee respectfully requests the Court expedite consideration of this Motion and set a show cause hearing at the Court's earliest convenience.

The Debtor's noncompliance with the Court's turnover and contempt orders, and the turnover requirements of the Bankruptcy Code, has continued. The Debtor is representing to "investors" that he owns and controls Pathfinder Wealth Advisors LLC ("Pathfinder"), and

claims that Pathfinder retains control over significant funds—funds that the Debtor did not disclose to the Court and has not turned over to the Trustee. The Debtor must be required to account for these funds and to cease his attempts to exercise control over Estate property.

## LEGAL STANDARD

Section 105(a) permits civil contempt sanctions to enforce specific and definite court orders upon clear and convincing evidence of noncompliance. *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1190–92 (9th Cir. 2003). The Debtor is therefore subject to contempt for violations of this Court's prior orders and any violations of the automatic stay. *Id.* at 1191 (holding that for civil contempt purposes, "there can be no doubt that the automatic stay qualifies as a specific and definite court order."). The automatic stay prohibits affirmative acts that disturb the status quo of Estate property, including the Debtor's acts to obtain possession of or exercise control over such property. 11 U.S.C. § 362(a)(3); *City of Chicago v. Fulton*, 592 U.S. 154, 158–61 (2021).

Further, the Debtor's failure to turn over property of the estate and his exercise of control over that property "is a violation of both the automatic stay and of the turnover requirements of the Bankruptcy Code." *Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*, 432 B.R. 812, 822 (9th Cir. BAP 2010) (quoting *Abrams v. Sw. Leasing & Rental, Inc. (In re Abrams)*, 127 B.R. 239, 242–43 (9th Cir. BAP 1991)) (emphasis in original). The turnover provision of 11 U.S.C. § 542(a) requires that any "entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease" must deliver that property to the Trustee.[1] The turnover

[1] The Debtor is also required to cooperate with the Trustee. 11 U.S.C. § 521(a)(3) provides a

provisions are "self-effectuating, subjecting to sanctions a party that willfully fails to comply." *In re Mwangi*, 432 B.R. at 823.

The Court possesses the authority to impose sanctions for civil contempt for the Debtor's violations of any of these provisions under 11 U.S.C. § 105(a). *See Law v. Siegel*, 571 U.S. 415, 420–21 (2014) (a bankruptcy court has statutory authority under § 105(a) to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code); *In re Dyer*, 322 F.3d at 1196 ("The civil contempt authority allows a court to remedy a violation of a specific order including 'automatic' orders, such as the automatic stay or discharge injunction").

**PROCEDURAL BACKGROUND**

In the months after the Court converted this case to a Chapter 7 proceeding, the Trustee made numerous attempts to investigate, account for, and secure Estate property. The Debtor refused to cooperate and obstructed those efforts. *See* ECF No. 112 (Trustee's motion for turnover, detailing Debtor's refusal to turn over records). During that time, the Trustee specifically informed the Debtor that he was not to exercise *any* management or control over Pathfinder, and that he was required to turn over Pathfinder's records by July 21, 2026. ECF No. 112-6. Because the Debtor refused to comply with the Trustee's requests and instead set himself

---

debtor "shall cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties." Likewise, 11 U.S.C. § 521(a)(4) provides the debtor "shall" surrender to the trustee "all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate." These duties support the Trustee's obligation to collect, reduce to money, investigate, and account for the Estate. 11 U.S.C. § 704(a)(1), (4).

to transferring and depleting Estate assets, the Trustee filed motions for turnover and a prior motion to show cause. ECF Nos. 112, 127.

On August 3, 2026, the Court ordered the "Debtor to surrender and produce" Pathfinder's formation, financial, and business records and electronic account access, and prohibited unauthorized use of funds or disposition of assets. ECF No. 162, pp. 7, 9–10, 12. When the Debtor failed to take reasonable steps within his power to comply by August 14, the Court found the Debtor in contempt. ECF No. 193, pp. 3–5. The Court ordered the Debtor to complete disclosure and set August 27 as the deadline for completing record production. *Id.*, p. 10, ¶ 6. The Court also ordered that the Debtor provide, under penalty of perjury, a list of every account on which he or Pamela had signatory authority during the specified five-year period. *Id.,* p. 9, ¶ 4(a). The Court also granted substantive consolidation of Pathfinder, placing it definitively within the bankruptcy estate and under the Trustee's control. ECF No. 191.

On August 31, the Court again found the Debtor in contempt for failing to produce Pathfinder records, some of which were on the Debtor's laptop at the hearing. ECF No. 226, pp. 1–4. In accordance with the Bankruptcy Code, the Court stated that the Trustee was entitled to turnover of those records on the laptop and allowed the Debtor to purge his contempt through turnover of the laptop. *Id.* The Debtor consented. *Id.*

## FACTUAL BACKGROUND

It has come to the Trustee's attention—once again through third parties—that the Debtor continues to claim ownership and management authority over Pathfinder. Further, the Debtor claims that Pathfinder possesses significant sums of "investor" funds supposedly held in Pathfinder accounts.

On September 27, the Debtor provided "investor" Shayla Flansaas with a statement dated August 31, 2026, bearing Pathfinder's name and logo. Ex. 1, pp. 2-3. The Debtor sent an accompanying "Proof of Funds" email explaining the "investment report" as a "current portfolio valuation" that "can be used as a proof of funds." *Id.*, p. 1. The statement represents that there are funds held in "Pathfinder Opportunity Fund LLC," reports $80,000 of original capital and $121,600 of current value, and directs inquiries about the funds to Pathfinder. Ex. 1 (Shayla Flansaas Pathfinder Wealth Advisors Statement).

There are two possible scenarios. The first is that Debtor is wrongfully using the Pathfinder name to commit a fraud on investors and represent the existence of funds that do not exist. The second is that Debtor is wrongfully using the Pathfinder name and there are Estate assets Debtor has failed to disclose. Either way, the Debtor is in contempt.

Despite Court orders requiring the Debtor to provide information pertaining to all financial accounts held by Pathfinder, ECF Nos. 162 at 8–9, 193 at 9–10, the Debtor has never identified the supporting accounts, custodians, or assets to the Trustee that relate to this purported "investment report." The Debtor has also never disclosed Pathfinder Opportunity Fund LLC's ownership and relationship to Pathfinder.

The Debtor's actions thus subject him to contempt sanctions. The Court entered two specific, definite, and unambiguous orders pertaining to record production and turnover of Pathfinder account information and funds. ECF Nos. 162 at 8–9, 193 at 9–10; *see Dyer*, 322 F.3d at 1191. The Debtor violated the terms of those order by failing to take "all reasonable steps" within his power to comply. *See United States v. DAS Corp.*, 18 F.4th 1032, 1039 (9th Cir. 2021). On the contrary, the Debtor deliberately hid required information, because if the "investor"

accounts do exist, the Debtor is plainly aware of them. That conduct goes beyond a mere technical or inadvertent violation and cannot plausibly be based on a good faith. *Id.* Further, Debtor's attempts to control Pathfinder and its assets, and to continue to use the Pathfinder name, which is Estate property, constitute violations of the automatic stay that subject him to contempt sanctions. *In re Dyer*, 322 F.3d at 1196.

It may also be that the Pathfinder "investment report" sent by the Debtor is yet another in a string of fraudulent documents produced by the Debtor. However, the Trustee is obligated to investigate the Debtor's financial affairs and collect, account for, and reduce to money property of the Estate. 11 U.S.C. § 704(a)(1), (4). The Trustee must investigate these leads to determine whether the Debtor has concealed additional funds from creditors. The Debtor's continued misuse of Estate property, through his claimed ownership and control over Pathfinder, has wasted and continues to waste the Trustee's time and resources. Accordingly, the Trustee seeks specific relief requiring the Debtor to cease holding himself out as authorized to act for Pathfinder and to remove and destroy public marketing materials for Pathfinder.

**REQUEST FOR RELIEF**

The Trustee respectfully requests that the Court:

1. Set an expedited hearing and require the Debtor to appear and show cause why his continuing noncompliance with the Court's orders in ECF Nos. 162, 193, and 226, refusal to turn over estate property in accordance with 11 U.S.C. § 542, and exercise of control over estate property in violation of the automatic stay should not result in further contempt sanctions;

2. Require the Debtor to identify under penalty of perjury the ownership and control of Pathfinder Opportunity Fund LLC and the assets and custodians supporting Exhibit 2;

produce the supporting bank, investment, accounting, and valuation records; explain any fictitious entries; preserve related records; and account for and surrender any related Estate property;

3. Expressly direct the Debtor to cease holding himself out as authorized to act for Pathfinder, issuing investment statements in its name, soliciting or accepting investments for it, or otherwise conducting its business without the Trustee's written authorization or further Court order, and require the Debtor to remove all public marketing materials for Pathfinder, including any websites in his control; and

4. After notice and hearing, impose appropriate sanctions with specific conditions for purging contempt, including reimbursement of the Trustee's reasonable fees and costs incurred in connection with the Trustee's show cause motions, payable to the Estate.

DATED this 2nd day of October, 2026.

GOETZ, GEDDES & GARDNER, P.C.

***/s/ Trent M. Gardner***
Trent M. Gardner
Cameron T. Clevidence

***Attorneys for Trustee***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that on the 2nd day of October, 2026, a copy of the foregoing was served (i) by electronic means pursuant to LBR 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or (ii) by email and/or mail on the following parties:

Richard Blosser
rbloss5@gmail.com

456 Westlake Park Boulevard
Bozeman, Montana 59718
and,
147 W Monture Ridge
Kalispell, Montana 59901

***/s/ Trent M. Gardner***
Trent M. Gardner
Cameron T. Clevidence

***Attorneys for Trustee***