Trent M. Gardner (Bar No. 7477)
Cameron T. Clevidence (Bar No. 68207702)
**GOETZ, GEDDES & GARDNER, P.C.**
35 North Grand Ave.
P.O. Box 6580
Bozeman, MT 59771-6580
Ph: 406-587-0618
Fax: 406-587-5144
Email: tgardner@goetzlawfirm.com
cclevidence@goetzlawfirm.com

Attorneys for Trustee Darcy M. Crum

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| In re<br><br>RICHARD M. BLOSSER,<br>Debtor. | Case No. 2:26-bk-20082-BPH<br><br>**MOTION FOR APPROVAL OF COMPROMISE SETTLEMENT** |

Darcy M. Crum, Chapter 7 Trustee ("Trustee"), of the substantively consolidated bankruptcy estates of Richard M. Blosser, Pathfinder Wealth Advisors LLC, and Sanctuary Partners LLC (the "Estate"), through counsel, hereby moves the Court for an Order, pursuant to Bankruptcy Rule 9019, approving the Settlement Agreement and Mutual Release (the "Settlement Agreement") between Trustee and The Collateral Lender, Inc. d/b/a Maxferd Jewelry and Loan ("Maxferd").[1]

The Settlement Agreement resolves claims between Trustee and Maxferd related to Debtor's pawning of various items at Maxferd, consisting of approximately 135 designer

[1] The Settlement Agreement is attached hereto as Exhibit 1.

handbags and 13 items of jewelry (the "Collateral"). Maxferd contends it has foreclosed on the Collateral and is the owner of the Collateral. Trustee, on behalf of the Estate, asserts that the Collateral has not been foreclosed and is property of the Estate, subject to Maxferd's claim to the redemption amount of approximately $229,000.00. Trustee also holds potential claims for violation of the automatic stay, among others. Maxferd disagrees with the asserted claims of the Trustee and the Settlement Agreement resolves all claims. The basic terms of the settlement are as follows:

a. Maxferd shall pay to the Trustee the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00);

b. Trustee and Estate release any and all claims they may have against Maxferd, including to the Collateral;

c. Maxferd releases any and all claims it may have against the Estate;

d. Trustee shall request the Court in its Order to modify the stay, nunc pro tunc, as to Maxferd's foreclosures of the Collateral under § 362(d);

e. Trustee shall withdraw its Montana Rule 2004 Subpoena and Examination;

f. Maxferd shall provide to Trustee: (1) documentation regarding Debtor's April 19, 2022, payment of $600,191 to Maxferd, including a complete list of all items redeemed; and (2) documentation of Debtor's payment to Maxferd on July 7, 2023, of $29,749, including a complete list of any items purchased or redeemed.

The Trustee moves for an order:

a. Approving the Settlement Agreement; and

b. Granting such other and further relief as the Court deems proper.

## FACTUAL BACKGROUND

As of the date of the bankruptcy filing Debtor had pawned approximately 135 handbags and 13 pieces of jewelry at Maxferd pursuant to numerous individual pawn slips. Debtor had

routinely made payments to roll the pawns over into new agreements. The redemption amount for all items pawned as of the bankruptcy filing was approximately $229,000.00 (the "Redemption Amount").

The Trustee asserts that the Collateral is property of the Estate, subject to the Redemption Amount owed to Maxferd. Contrarily, Maxferd asserts that it properly foreclosed on the Collateral and is the owner of the Collateral and that the Estate has no rights to the Collateral.

The Trustee asserts that the Estate may have claims for violation of the automatic stay. Maxferd disputes these claims and asserts it had no knowledge of the bankruptcy filing.

The key consideration here is the value of the Collateral. Even if the Trustee establishes the right to the Collateral, there must be sufficient value above the Redemption Amount ($229,000.00) to justify engaging in legal disputes and, if successful, incurring the expense of liquidating the collateral.

The Trustee and Maxferd engaged in extensive discussions and negotiations and the Trustee ultimately agreed to a settlement where Maxferd paid the Trustee $75,000.00 to buy out the Estate's interest in the Collateral. The Trustee accepted this settlement because she could not guarantee a better outcome through a liquidation.

To achieve a better result through liquidation, the Trustee would have to clear $304,000.00 for the Estate through such liquidation ($229,000.00 + $75,000.00). The Trustee consulted with knowledgeable experts to review the items at Maxferd. The experts stated there was likely value above the Redemption Amount. However, they were not confident that the benefit to the Estate after paying liquidation expenses and the Redemption Amount would be greater than $75,000.00. The experts certainly could not guarantee a better result.

The Trustee firmly believes the settlement is in the best interests of the Estate and its creditors to resolve these issues and take a guaranteed substantial benefit of $75,000.00. The alternative is to expend resources on litigation, hoping for a positive outcome, to obtain the opportunity to liquidate the Collateral and hope that the benefit is greater than $75,000.00.

The Trustee believes that this Settlement is in the best interest of creditors and the Estate.

## LEGAL AUTHORITY AND ARGUMENT

### I. THE SETTLEMENT SHOULD BE APPROVED.

Bankruptcy Rule 9019(a) gives this Court broad authority to approve a compromise or settlement. In deciding whether to approve the compromise, the Court must conclude that the compromise is "fair and equitable." *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986). In making this determination, the Court considers the following factors:

> (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id*. In determining whether to approve a proposed settlement, the bankruptcy court does not need to substitute its judgment for that of the settlement's proponents. It just needs to determine if the settlement falls below a standard of reasonableness. An independent investigation into the underlying dispute is not required. *In re Walsh Constr. Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982). The Court may weigh the opinions of the trustee, the parties, and their attorneys, as to the appropriateness of the settlement and that the settlement is the wisest course. *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976).

The Ninth Circuit has noted that "a court generally gives deference to a trustee's business judgment in deciding whether to settle a matter" subject only to "proof that the compromise is fair and equitable and should be approved." *In re Mickey Thompson Entertainment Group, Inc.*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003). Each of the four factors is discussed, below.

**A. Probability of Success on the Merits.**

The Trustee believes that she has valid claims that the Collateral is property of the Estate. However, the Trustee candidly admits that the case would be hotly contested and no outcome is certain. The risk is not worth the reward, especially given the guaranteed payment of $75,000.00 versus the uncertainty of the benefit that a liquidation would provide.

The probability of success on the merits favors settlement.

**B. Difficulties in Collecting.**

This factor is not in play.

**C. Complexity, Delay and Expense of Continuing Litigation.**

As stated, the Trustee believes she has a strong legal case. However, litigation would be hotly contested. More importantly, there is no guaranteed benefit of engaging in litigation. The Trustee would have to pay the Redemption Amount of $229,000.00 to Maxferd in any liquidation and then would have to pay the expenses, including commissions, to have the Collateral liquidated. There is no guarantee that the net benefit would even match the guaranteed payment of $75,000.00 this settlement obtains.

Given the risk, the delays caused by litigating these matters, the time and expense necessary to litigate, and the uncertainty of a liquidation, this factor favors the settlement.

**D. Interest of Creditors.**

The Trustee believes that the interest of the Estate's creditors is best served by this settlement because it guarantees a substantial payment of $75,000.00. In contrast, engaging in litigation only achieves the right for the Trustee to liquidate the Collateral with a very uncertain result. Thus, the Trustee believes that the creditors of the Estate are best served by this settlement.

**CONCLUSION**

In sum, the Trustee believes this settlement is in the best interest of the Estate. Therefore, the Trustee respectfully requests the Motion be granted.

Dated this 2nd day of October, 2026.

GOETZ, GEDDES & GARDNER, P.C.

**/s/ Trent M. Gardner**
Trent M. Gardner
Cameron T. Clevidence

***Attorneys for Trustee***

## NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST A HEARING

**If you object to the motion, you must file a written responsive pleading and request a hearing within twenty-one (21) days of the date of the motion. The responding party shall schedule the hearing on the motion at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:**

**NOTICE OF HEARING**
**Date: ______________________**
**Time:______________________**
**Location:___________________**

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that on the 2nd day of October, 2026, a copy of the foregoing was served (i) by electronic means pursuant to LBR 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or (ii) by mail on the following parties.

Richard Blosser
rbloss5@gmail.com

456 Westlake Park Boulevard
Bozeman, Montana 59718
and,
147 W Monture Ridge
Kalispell, Montana 59901

**/s/ Trent M. Gardner**
Trent M. Gardner
Cameron T. Clevidence

***Attorneys for Trustee***