**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| In re<br><br>**RICHARD M. BLOSSER,**<br><br>Debtor. | Case No. **2:26-bk-20082-BPH** |

**ORDER**

In this Chapter 7 bankruptcy, the Court held a hearing on October 21, 2026, in connection with the Court's Order issued on October 13, 2026, at ECF No. 336 ("Contempt Order"). Appearances were noted on the record. Debtor appeared.

Because of Debtor's repeated failure to abide by the Court's orders,[1] the Court held Debtor in civil contempt on October 13, 2026, and ordered his incarceration. Debtor has remained in the custody of the United States Marshals Service ("Marshals") since that date, pending Debtor's compliance with the Court's orders and Debtor's duties under the Bankruptcy Code.

During the October 21, 2026, hearing, Debtor conferred privately during a recess with the Chapter 7 Trustee regarding ongoing issues in his bankruptcy case that were the subject of the Court's contempt finding. These issues included Debtor's ongoing failure to cooperate with the Trustee and failure to account for and turnover property of the estate.

Following the parties' conferral, counsel for the Trustee reported that Debtor had been candid in his discussions, resulting in the identification of potential property of the estate in the possession of a third party.[2] The Trustee further indicated that assuming Debtor continues to cooperate, administration of the estate would be better served by Debtor's release.

Having considered Debtor's turnover of jewelry on October 19, 2026, the identification and location of three additional pieces of jewelry in possession of a third party pawn shop, and other information provided to the Trustee, the Court concludes that it will exercise its discretion and release Debtor from the custody of the Marshals. However, this discretion is not synonymous with the purging of Debtor's contempt. While this Court continues to harbor serious concerns about Debtor's compliance with its orders, including future cooperation with the Trustee, as well as compliance with the Bankruptcy Code, continued incarceration is not

[1] ECF Nos. 130, 162, 191, 193, 226, 309, 336, 346 and 361.

[2] The Trustee additionally took possession of the seven pieces of jewelry identified at ECF No. 365.

consistent with the efficient of administration of Debtor's estate. Accordingly,

IT IS ORDERED that Debtor shall be released from the custody of the United States Marshals Service.

Dated October 21, 2026.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana