UNITED STATES BANKRUPTCY COURT
DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**RICHARD M. BLOSSER,**<br><br>Debtor. | Case No. **2:26-bk-20082-BPH** |

**ORDER**

In this Chapter 7 bankruptcy, the Trustee filed a "Motion for Approval of Compromise Settlement" on October 2, 2026, at ECF No. 305 ("Motion"). The Motion seeks Court approval of a Settlement Agreement signed by Trustee and The Collateral Lender, Inc. d/b/a Maxferd Jewelry and Loan ("Maxferd") ("Settlement Agreement"). The Settlement Agreement reflects the parties' intent to resolve claims between Trustee and Maxferd related to Debtor's pawning of various items to Maxferd, consisting of approximately 135 designer handbags and 13 items of jewelry (the "Collateral").

Judicial approval of the Settlement Agreement is governed by Fed. R. Bankr. P. 9019. In deciding whether to approve the Settlement Agreement, the Court must conclude that the compromise is "fair and equitable." *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986). In making this determination, the Court considers the following factors:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* As explained in *A & C Properties*, "[t]he purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Id.* At 1380-81.

Upon review of the Motion, Settlement Agreement, and after considering the relevant factors, the Court finds that the parties' agreement is "fair and equitable" as required by *A & C Properties*. Accordingly,

IT IS ORDERED that the Motion is granted and the Settlement Agreement is approved. The Trustee and Maxferd shall perform according to the terms and conditions of the approved Settlement Agreement.

IT IS FURTHER ORDERED that Trustee's Motion for Rule 2004 Examination of the Collateral Lender, Inc. D/B/A Maxferd Jewelry & Loan (ECF No. 134) is deemed withdrawn.

IT IS FURTHER ORDERED that the automatic stay is modified *nunc pro tunc* to March 27, 2026, as to Maxferd's foreclosures of the Collateral under § 362(d).

Dated October 27, 2026.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana