Trent M. Gardner (Bar No. 7477)
Cameron T. Clevidence (Bar No. 68207702)
**GOETZ, GEDDES & GARDNER, P.C.**
35 North Grand Ave.
P.O. Box 6580
Bozeman, MT 59771-6580
Ph: 406-587-0618
Fax: 406-587-5144
Email: tgardner@goetzlawfirm.com
cclevidence@goetzlawfirm.com

Attorneys for Trustee Darcy M. Crum

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| In re<br><br>RICHARD M. BLOSSER,<br>Debtor. | Case No. 2:26-bk-20082-BPH<br><br>**TRUSTEE'S OBJECTION TO OPERATIVE MOTIONS** |

Chapter 7 Trustee, Darcy M. Crum, through counsel, and pursuant to the Court's Order at 402, files Trustee's objection to Pamela Blosser's filings at ECF Nos. ECF No. 390, 391, 397, 398 and 399 (the "Operative Motions"). The personal property Pamela Blosser now claims as her own belongs to the bankruptcy estate and Pamela Blosser's filings are a belated and improper mechanism to challenge ownership. Moreover, the auction scheduled for November 17, 2026 adequately preserves the disputed interest while also limiting further expense and prejudice to the bankruptcy estate.

As explained in Trustee's Objection to ECF No. 366 (ECF No. 369), Pamela Blosser had ample notice she needed to file an adversary proceeding to make a claim to personal property from the properties at 53 Fossil Road and 456 Westlake Park Boulevard, and that the auction

company was being retained to liquidate the personal property from those locations. Despite that knowledge, she waited 58 days from the Court's first notice to file an adversary proceeding, until the morning of the first auction, to make her first filing attempting to stop the auctions (ECF No. 339), and that filing was not an adversary proceeding.

By the time of that filing, the auction company had performed the work of gathering and hauling the personal property, scheduling and marketing the personal property, renting two separate warehouses and setting up auctions. Two auctions have occurred and the third auction is scheduled for November 17, 2026. The bankruptcy estate has incurred substantial expense and will incur substantial additional expense if the last auction is cancelled or delayed (in the form of cancellation fees and increased expense for having to extend the rental of the warehouse).

Mrs. Blosser should not be rewarded, at the expense of the bankruptcy estate and creditors, for frustrating the Trustee's attempts to sell property by failing to file an adversary proceeding and failing to object to the retention of the auction company to liquidate the personal property.

The Trustee does not believe that Pamela Blosser has any valid claim to any of the personal property and Mrs. Blosser has not presented any evidence establishing her claims. The Trustee will rebut any claims of ownership and proffered proof if Pamela Blosser does file an adversary proceeding. However, the Trustee notes the following as some of the wealth of evidence that Trustee would fully develop rebutting any claim of ownership:

a. This Court's Order of August 17, 2026 (ECF No. 191) substantively consolidated Sanctuary Partners LLC into Debtor's bankruptcy and held that all assets of Sanctuary are assets of the bankruptcy estate. *Id.*, p. 8;

b. This Court's Order of August 17, 2026 (ECF No. 193) ordered the turnover of "all personal property at Westlake and Fossil Rd.," both of which properties were owned by Sanctuary, and ordered that any dispute involving a third party asserting an interest in personal property be resolved through an adversary proceeding. ECF No. 193, p. 9;

c. Pamela Blosser has not had any income since 1998. Pamela Blosser Deposition Transcript, August 5, 2026, pp. 8-9 ("Pamela Deposition", Exhibit 1, hereto);

d. Richard Blosser confirmed that Pamela has no separate source of income other than Debtor and all funds for Pamela and Debtor's family have come from Debtor. Transcript of Proceedings, August 14, 2026, pp. 25-26 (Exhibit 2, hereto);

e. Richard Blosser has represented on numerous insurance documents that he is the sole owner of the jewelry. *See, e.g.,* ECF Nos. 343-1 and 173-8;

f. Mr. Blosser has repeatedly pawned handbags, jewelry and other items in his own name. ECF No. 214-4;

g. When questioned about jewelry, Mrs. Blosser testified that her only piece of jewelry worth over $10,000.00 was her wedding ring and that she and Debtor had not paid more than $10,000.00 for any piece of jewelry within the past five years. Pamela Deposition, pp. 25-26 (Ex.1, hereto). Mrs. Blosser is correct that *she* did not purchase any items over $10,000.00 in the last five years. However, her husband, Debtor, certainly did.[1] For example, Debtor (or his entities) purchased the emerald ring for $80,000 in October 2024. ECF No. 203, p.2. The applicable bank records show that

[1] Debtor also sold the wedding ring and subsequently repurchased it in 2023. ECF No. 203, p. 2.

some or all of the funds used to purchase the emerald ring were funds that Debtor wrongfully took from his victims, including the Weilands; and

h. Pamela and Richard were long-time residents of California and, as of 2025, still had California drivers' licenses. Under California law, property acquired by either spouse during marriage while domiciled in California is presumptively community property, no matter where the property is situated. Cal. Fam. Code § 760; *In re Brace*, 9 Cal. 5th 903, 914 (2020). The communal character of property is determined at the time of its acquisition, and the presumption controls in bankruptcy proceedings. *In re Brace*, 9 Cal. 5th 903, 935, 470 P.3d 15, 34 (2020); *In re Brace*, 979 F.3d 1228, 1232 (9th Cir. 2020); *see also In re Lewis*, 515 B.R. 591, 598 (B.A.P. 9th Cir. 2014). A subsequent change in domicile to another state will not alter the communal nature of the property acquired while domiciled in California. *See Ricards v. United States*, 683 F.2d 1219, 1223 (9th Cir. 1981); *In re Marriage of Moore & Ferrie*, 14 Cal. App. 4th 1472, 1479–80 (1993) ("Community property does not lose its character by virtue of a move."). When one spouse files for bankruptcy, the estate includes both spouses' interests in community property that is under the debtor's sole, equal, or joint management and control, or liable for an allowable claim against the debtor. 11 U.S.C. § 541(a)(2). Accordingly, all community property at the time of the bankruptcy filing is property of the bankruptcy estate. *In re Mantle*, 153 F.3d 1082, 1085 (9th Cir. 1998); *In re Brace*, 979 F.3d at 1230.

However, even if Pamela Blosser could raise any valid claims to co-ownership, the auctions are the best mechanism to preserve her disputed interests and limit further expense to

the bankruptcy estate. The remaining auction is scheduled for November 17, 2026.[2] The Trustee will agree to hold the funds from the auction subject to a time-limited opportunity for Mrs. Blosser to make claims and properly establish the right to funds from any personal property. If a particular item is later found to be co-owned in a form covered by 11 U.S.C. § 363(h), or otherwise, the Trustee will distribute the net sale proceeds for that item such that Pamela Blosser will receive her proportionate share in accordance with 11 U.S.C. § 363(j). Additionally, Mrs. Blosser can bid on any items in the November 17, 2026, auction. *See* 11 U.S.C. § 363(i); *In re Baroni*, 654 B.R. 334, 355 (Bankr. C.D. Cal. 2023), *aff'd*, 658 B.R. 551 (C.D. Cal. 2024) (stating that "the statute leaves room for the Court to fashion procedures to make the exercise of section 363(i) rights orderly."). This process will preserve Mrs. Blosser's ability to make claims to the funds while not prejudicing the estate by delaying the liquidation of the personal property and causing extra expense.

The Trustee also notes that, even if Pamela Blosser could establish valid ownership claims to any items, such claims are dwarfed by the bankruptcy estate's claims against her. Trustee filed Adversary No. 2:26-ap-02008-BPH against Pamela Blosser, both in her individual capacity and as the sole successor trustee of the Florence G. Collins Trust. *See* Complaint, ECF No. 1. The Complaint alleges substantially over $500,000.00 in improper postpetition and prepetition payments to Pamela Blosser from Debtor (many, if not most, of which transfers are

---

[2] The November 17, 2026, Auction does not include a substantial amount of jewelry, including the more expensive items of which the Court is aware. It also does not include approximately 60 of the more expensive handbags and some other luxury items. The Trustee is currently evaluating those items and assessing appropriate methods of liquidation.

directly traceable to funds wrongfully obtained from Debtor's victims). *Id.*[3] Despite allowing a lengthy extension to answer, Pamela Blosser failed to answer. Thus, even if Pamela Blosser had some valid claims to certain personal property, such claims would be wiped out by the bankruptcy estate's claims against her.

Debtor defrauded investors and lenders out of millions of dollars. A large amount of the victims' funds were transferred to Pamela Blosser or spent for her benefit. The Trustee and victims have suffered enormous delay and expense as Debtor and Pamela Blosser have attempted to delay the proceedings at every turn. Further delay and prejudice should not be allowed and the auction should proceed.

DATED this 28th day of October, 2026.

GOETZ, GEDDES & GARDNER, P.C.

**/s/ Trent M. Gardner**
Trent M. Gardner
Cameron T. Clevidence

***Attorneys for Trustee***

---

[3] This number does not include the more than $1.5 million that Debtor and Pamela have spent on luxury purchases in the past few years. *See, e.g.*, ECF No. 133-6.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that on the 28th day of October, 2026, a copy of the foregoing was served (i) by electronic means pursuant to LBR 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or (ii) by mail on the following parties.

Richard Blosser
164 Antler Ridge Lane
Kalispell, MT 59991
rbloss5@gmail.com

Pamela Blosser
164 Antler Ridge Lane
Kalispell, MT 59991
pamela4kids@gmail.com
pamela4kids@icloud.com

**/s/ Trent M. Gardner**
Trent M. Gardner
Cameron T. Clevidence
***Attorneys for Trustee***