**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

In re

**RICHARD M. BLOSSER,**

Debtor.

Case No. **2:26-bk-20082-BPH**

# ORDER

In this Chapter 7 bankruptcy, a number of hearing or status conferences are set on November 5, 2026, at 9:30 a.m. on the following:

1. A hearing on Creditor Oakhurst Opportunity Lending Fund I, LP's ("Oakhurst's") "Motion to Modify Stay" at ECF No. 324 and interested party Pamela Blosser's ("Pamela's") Objections filed at ECF No. 376 and 378.

2. A hearing requiring Pawn 1 Columbia Falls to appear and show cause why it should not be required to turnover certain jewelry to the Chapter 7 Trustee in this case. ECF No. 386.

3. A status conference on miscellaneous papers filed by Pamela at ECF Nos. 390, 391, 397, 398, and 399 ("Operative Motions"), opposing the Trustee's Auction Notice at ECF No. 289.

(collectively, "Hearings"). The Court deems it appropriate to reset the Hearings on its own motion to 1:30 p.m., so that Debtor may appear.

The Auction Notice explains that the auction of certain personal property is to be completed in three stages via public online auction. The first auction closed on October 14, 2026 ("Phase One Auction"), and the second auction closed on October 21, 2026 ("Phase Two Auction"). The third auction, consisting almost entirely of clothing, shoes, and handbags, is set to close November 17, 2026 ("Phase Three Auction").

As it relates to the Phase One and Phase Two Auctions, no timely objections were received. [1] However, the Court has construed the Operative Motions filed more than 7 days before the November 17 auction as an objection to the Chapter 7 Trustee's Phase Three Auction

[1] Pursuant to Fed R. Bankr. P. 6004(b), an objection must be filed not less than seven days before the date set for the proposed action. As the Court explained in its Order at ECF No. 402, the first pleading filed by Pamela related to the October 14, Phase One Auction was on October 14.

under 11 U.S.C. § 363(b). As such, although the Trustee is afforded deference as to her business judgment, in the face of opposition, the bankruptcy court must take greater care in approving any 11 U.S.C. § 363(b) sale. *Simantob v. Claims Prosecutor, LLC (In re Lahijani)*, 325 B.R. 282, 289-90 (BAP 9th Cir. 2005). In light of an objection, this Court is obligated to "assure that optimal value is realized by the estate under the circumstances." *Id.* at 288-89.

Here, Pamela has timely challenged the Phase Three Auction and requested the return of some of the personal property up for auction. The record has not been developed, and many contested issues may require evidence, but at the status conference held on October 30, 2026, the Chapter 7 Trustee represented that the return of certain personal property was impossible, absent the payment of a $500 charge to the auctioneer. Many of the auction items in Phase One and Two Auctions sold for less than $500, causing the Court to question the auctioneer's enforcement of such a provision.[2]

The Court further questions application of such a provision in Phase Three. In the Phase Three auction, Lot 233 are Ammann Murten Men's Boots "Size 48."[3] Online prices for used Ammann Murten Men's Boots in similar styles vary but seem to be $200.[4] Imposition of a $500 fee, or any fee to withdraw such an item is not consistent with maximizing value for the estate when litigating ownership[5] and the auction withdrawal fee may erode the actual value realized by the estate. It is impractical. For example, if the Trustee insists on inclusion of an item in the auction, but the litigation costs to do so exceed the amount bid for the item, the exercise is a net loss to the estate.[6]

At the hearing, Trustee or auctioneer shall be prepared to provide an update on the status of the itemized statement of auction results for the Phase One and Two Auctions, required by Fed. R. Bankr. P. 6004(f)(1)(B).

Accordingly,

---

[2] To the extent necessary, the Court takes judicial notice of the Auction Notice and its contents, including the link to the website with the results of the prior auctions. See Fed R. Evid. 201.

[3] Notably, the picture on the auction website suggests the actual size is 46, not 48.

[4] https://poshmark.com/listing/Ammann-Murten-Boots-In-Brushed-Grey-Suede-and-Black-Leather-Size-45-EU-6983b1f7e8638037a34dc7a0#utm_source=gdm_unpaid

[5] Pamela's objection to Phase Three raises a series of issues: (a) is the property owned by the estate exclusively; (b) is the property owned by Pamela exclusively; or (c) is the property co-owned. These are threshold questions.

[6] For example, Lot 224 is described as a Dresses and Romper Bundle. It is comprised of women's clothing ranging in size from XS to L. This Court doubts these were Debtor's clothes. To the extent the Trustee has taken the position women's clothing is property of the estate under her community property analysis, the Court questions her business judgment and whether the amount realized will justify inclusion.

IT IS ORDERED that the Hearings set for November 5, 2026, at 9:30 a.m. shall instead be held on **November 5, 2026, at 1:30 p.m.**, or as soon thereafter as the parties may be heard, in the BANKRUPTCY COURTROOM, RUSSELL SMITH COURTHOUSE, 201 EAST BROADWAY, MISSOULA, MONTANA. In coordination with the United States Marshals Service, Debtor shall appear in person.

IT IS FURTHER ORDERED that a representative of the Trustee's auctioneer shall be available at the November 5, 2026, status conference. The auctioneer shall be prepared to discuss the waiver of any $500 fee if necessary to avoid litigation where the cost of the litigation will exceed the likely value to be realized by inclusion of the item.

IT IS FURTHER ORDERED that, prior to the November 5, 2026, status conference, Pamela and Trustee shall have conferred on: (1) the disputed auction items; (2) return of any property not included in the auction; and (3) taking into account all outstanding issues involving Pamela, including the claims asserted against her in Adv. No. 2:26-ap-02008-BPH, whether there exists any potential compromise that may be subject to approval under Fed. R. Bank. P. 9019, taking into account the A & C factors.[7]

Dated November 3, 2026.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana

[7] To date neither the Florence G. Collins Trust nor Pamela have filed an answer to the complaint and entry of their default has been requested. Although the Adversary Proceeding is in its infancy, proof of certain allegations has been admitted in other hearings before this Court. Specifically, on August 14, 2026, this Court heard the testimony of Sabine Weiland, James Freeman, and John Baniewicz, all of whom testified that Debtor represented that investor funds would be placed in investment opportunities or used for investment purposes. Instead, bank records for Debtor, Pathfinder Wealth Advisors LLC, and Sanctuary Partners LLC show that the investor and lender funds were used for the personal benefit of Debtor and his family, to maintain their lifestyle, and to satisfy earlier claims and obligations. At a later hearing, creditor Shayla Flansaas testified similarly. Other exhibits suggest that the conveyance of the San Carlos property out of the Florence G. Collins Trust, and back to it, was part of a broader pattern of activity by Debtor designed by Debtor to maintain the ruse that individuals that placed funds with him had legitimate investments.