**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| In re<br><br>**RICHARD M. BLOSSER**,<br><br>Debtor. | Case No. **2:26-bk-20082-BPH** |

# ORDER

In this Chapter 7 case, Debtor filed a "Motion for Stay and Continuance Proceedings" on November 12, 2026, at ECF No. 460 ("Motion"). In light of Debtor's incarceration in relation to another matter,[1] Debtor requests that his bankruptcy be indefinitely stayed until a further date so he may actively participate in the bankruptcy process.

The decision to stay civil proceedings in the face of a pending criminal proceeding is reserved to the inherent discretion of the trial court. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). As a result, an incarcerated debtor's request to stay proceedings is evaluated in light of the particular circumstances and competing interests involved in the case. *Rentaria v. Abele (In re Rentaria)*, 2007 Bankr. LEXIS 4846, at * 21 (BAP 9th Cir. Dec. 14, 2007). The bankruptcy court is directed to review a number of factors, including:

(1) the extent to which the defendant's fifth amendment rights are implicated;
(2) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;
(3) the burden which any particular aspect of the proceedings may impose on defendants;
(4) the convenience of the court in the management of its cases, and the efficient use of judicial resources;
(5) the interests of persons not parties to the civil litigation; and
(6) the interest of the public in the pending civil and criminal litigation.

*Id.*; *Keating*, 45 F.3d 322, 324-25.

Here, the Court is not convinced that an indefinite stay of all proceedings under these circumstances is appropriate. First, to the extent Debtor's Fifth Amendment rights may be implicated in his bankruptcy, particularly in light of his ongoing obligation to turnover property or recorded information related to the estate, *Rentaria* instructs that "[t]he question is not of testimony, but of surrender — not of compelling the bankrupt to be a witness against himself in a criminal case, present or future, but of compelling him to yield possession of property that he no longer is entitled to keep . . . turnover of property of the estate is not a testimonial act and does not implicate Fifth Amendment rights." *Id.*, at *19-20.

[1] United States District Court for the District of Montana, 2:26-mj-00080-KLD.

Second, the Trustee has an interest in administering this estate quickly and efficiently so that the estate's value may be maximized for the benefit of unsecured creditor body. The delay caused by a stay risks obstructing the Trustee's ability to pursue potential recoveries for the estate through preference or fraudulent transfer actions. *See In re Sann*, 2016 Bankr. LEXIS 417, at *7-9 (Bankr. D. Mont. Feb. 10, 2016) (stating "if the Trustee wishes to proceed with administration notwithstanding [Debtor's] incarceration, and only [Debtor] objects and seeks a stay, the Court views his motion to stay proceedings as merely a continuation of his efforts to delay and prevent the Trustee's performance of her statutory duties.").

Third, this case can continue efficiently without Debtor's involvement because the Trustee has been appointed to liquidate and administer estate assets, and she is capable of protecting the bankruptcy estate's interest during Debtor's incarceration. *In re Paradise Farms, Inc.*, 2013 Bankr. LEXIS 3722, at *7-9 (Bankr. S.D. Ga. Sept. 9, 2013). Conversely, it would be inconvenient and inefficient to allow Debtor's criminal case to proceed through completion and if necessary, sentencing before this case may resume.

Fourth, the interests of the creditors demand that this case be administered without delay. To indefinitely stay proceedings until the conclusion of Debtor's criminal case risks delaying relief to those creditors who transferred hundreds of thousands of dollars to Debtor, under the belief the funds would be invested and managed by Debtor. Finally, the public has an interest in seeing that alleged victims of Debtor's alleged ponzi scheme have a chance at some financial recourse – Debtor's bankruptcy serves as the best vehicle to enable this.

To the extent that Debtor's Motion focuses on the third *Keating* factor, i.e. the burden his incarceration has placed on him for purposes of notice and opportunity to respond, the Court has, by necessity, set a number of hearings on disputes exclusive to Pamela Blosser and the Trustee on shortened notice because the circumstances demanded it. While this Court has endeavored to ensure Debtor is present for these hearings, his participation was not necessary. To the extent Debtor's involvement will be mandatory in any upcoming proceeding, Debtor will be provided with adequate notice and opportunity to respond.[2] Accordingly,

IT IS ORDERED that the Motion is denied.

IT IS FURTHER ORDERED that the Clerk is directed to mail a copy of this Order to Debtor at the Missoula County Detention Facility.

BY THE COURT:

Dated November 16, 2026.

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana

---

[2] *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) ("Due notice requires notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").